**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 08-02T** |
| | ) | |
| **FELIPE ARIAS** | ) | |

## MOTION TO SUPPRESS

Now comes Felipe Arias, by and through his counsel, and moves this Honorable Court to suppress all of the evidence seized as a result of the stop and seizure of the white Subaru station wagon in which he was a passenger on November 27, 2007. Specifically Mr. Arias seeks the suppression of the Lorcin model L380, 380 caliber handgun and ammunition as well as any other evidence on the grounds that it was seized in violation of the Fourth Amendment to the United States Constitution as the police who stopped the vehicle in question did so without probable cause. Further, Mr. Arias asserts that the police lacked reasonable suspicion or probable cause to remove him from the vehicle and to further search that vehicle.

Further argument may be found in the accompanying Memorandum of Law.

Respectfully Submitted
Felipe Arias,
By and through his counsel

/s/ Mary S. McElroy
Mary S. McElroy
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Zechariah Chafee, AUSA on the 12th day of March 2008

/s/ Mary S. McElroy

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 08-02T** |
| | ) | |
| **FELIPE ARIAS** | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SUPPRESS**

Felipe Arias provides this memorandum of law in support of his motion to suppress any and all physical evidence seized as a result of the stop, on November 27, 2007, of the vehicle in which he was a passenger. Mr. Arias asserts that this stop was without probable cause. Any subsequent search of the vehicle in which Mr. Arias was a passenger was without reasonable suspicion or probable cause. For these reasons any evidence, in particular the Lorcin model L380, 380 caliber handgun and ammunition, must be suppressed.

**Factual Basis for Stop and Seizure**

On November 27, 2007 Providence Police patrolman Vieira stopped a white Subaru wagon that he claims had a faulty tail light. The stop occurred on the corners of Potters and Croyland avenues at 8:53 p.m. According the police reports of the stop, Patrolman Vieira observed the right front passenger, who was later identified as Mr. Arias, shifting forward in his seat. Patrolman Vieira reported that he ordered all occupants of the car to show their hands and called for backup. He then approached the passenger side of the car and reports that he saw Mr. Arias shove a chrome colored object into the side of the door frame.

Once backup arrived all three vehicle occupants were removed and patrolman Vieira searched the speaker hole in the front passenger door. Patrolman Vieira seized from that frame a Lorcin Model L380 handgun, a magazine with seven rounds of ammunition. Mr. Arias was arrested and this charge ensued.

**The Initial Stop Was Without Probable Cause**

The Fourth Amendment's guarantee of freedom from unreasonable search and seizure extends to the temporary detention of occupants of an automobile during a traffic stop. *United States v. Whren,* 517 U.S. 806, 809-810(1996); *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "An officer who orders one particular car to pull over acts with an implicit claim of some right base on fault of some sort..." *Colorado v. Bannister*, 449 U.S. 1, 16 (1980). When the car is stopped the driver and all passengers are seized and may contest the stop. *See Brendlin v. California,* 127 S.Ct. 2400 (2007); *United State v. Kimball*, 25 F.3d 1 (1st Cir. 1994).

The government bears the burden of proving that the initial stop of the vehicle in this case was supported by probable cause to believe that a traffic violation had occurred. *See Whren* at 810. Mr. Arias contends that the stop was not supported by such probable cause and was in violation of the 4th Amendment

**The Police Lacked Reasonable Suspicion to Remove Mr. Arias and to search the vehicle**

After Patrolman Vieira had stopped the vehicle and backup had arrived, he ordered the occupants out of the car and they were all detained and patted down. Next Patrolman Vieira searched the passenger side door. It is in a speaker hole in the door that Patrolman Vieira located the weapon and ammunition that is the subject of this motion. Mr. Arias asserts this search was without reasonable suspicion or probable cause and as such violated his constitutional right to be free from unreasonable searches and seizures.

The Supreme Court has established a per se rule that "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop." *Maryland v. Wilson*, 519 U.S. 408, 415 (1997). A court must examine the amount of force used to effectuate the investigatory stop and determine if it is reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). A police officer must have reasonable suspicion that criminal activity is occurring before a pat down may lawfully take place. *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

Patrolman Vieira lacked sufficient reasonable suspicion to patdown all of the occupants of the vehicle. He further lacked any reasonable suspicion or probable cause to search the vehicle. Nothing in the police reports support either the detention and patdown of the occupants of the car or the subsequent search of the passenger door. Because the search of the vehicle was without legitimate cause the gun and ammunition seized must be suppressed.

**Conclusion**

For all of the foregoing reasons Mr. Arias respectfully requests that the Court order the suppression of any and all evidence seized as the result of the stop in this case. Further Mr. Arias would like to reserve the right to supplement this memorandum after the Court conducts a suppression hearing in this matter as additional facts are expected to be developed which may impact the decision on this issue.

Respectfully Submitted
Felipe Arias,
By and through his counsel

/s/ Mary S. McElroy
Mary S. McElroy
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528-4281

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Zechariah Chafee, AUSA on the 12th day of March 2008

/s/ Mary S. McElroy