IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 08-02T |
| | ) | |
| FELIPE ARIAS | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Zechariah Chafee, Assistant U. S. Attorney, and objects to the defendant's Motion To Suppress Physical Evidence for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 4th day of April, 2008, I caused the Within Government's Motion Objecting to Defendant's Motion To Suppress Physical Evidence, along with its accompanying memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Mary McElroy, Esq.
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Cr. No. 08-02T |
| v. | : | |
| | : | |
| FELIPE ARIAS | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

I. INTRODUCTION

Defendant has moved to suppress the pistol and the magazine with seven rounds of ammunition seized by the police from the hole in the door of the automobile in which defendant had been a passenger. He argues that the police stopped the car without probable cause and searched the car without "reasonable suspicion or probable cause." Defendant's motion should be denied.

II. FACTS

On November 27, 2007 at 8:53 pm Providence Police Patrolman Vieira saw a white Subaru wagon with a broken tail light on Reynolds Avenue. He followed the Subaru onto Potters Avenue and pulled it over. With his spotlight the officer saw Felipe Arias shifting forward in the front passenger seat.

Patrolmen Vieira called for back-up and ordered the three men in the Subaru to show their hands. Vieira went up to the passenger side and shined his flashlight into the car. He could

see that Arias was shoving a chrome object into the door panel. Vieira could hear the object banging on the metal door. Vieira told Arias to show his hands and waited for back-up to arrive.

Three more officers pulled up seconds later and the police got the three men out of the Subaru. As Arias stepped out, two batting gloves fell from his lap on the ground. The men were patted down and searched while Vieira looked into stereo speaker opening in the front door. Vieira saw a chrome colored pistol inside. Arias was arrested and taken to the central station.

Vieira seized the pistol a Lorcin model L380 with an erased serial number, and from the hole he also seized a magazine with seven live rounds.

III. ARGUMENT

Defendant first argues that there was no probable cause for a stop of the car in which Arias was a passenger. The government will put on testimony that Officer Vieira pulled the car over when he saw that the car had a broken rear light. The temporary detention of a motorist who the police have probable cause to believe has committed a traffic violation does not violate the Fourth Amendment prohibitions against unreasonable searches, even if a reasonable officer would not have stopped the motorist without some additional law enforcement objective. Whren v. US, 517 U.S. 806 (1996)

Defendant next argues that the police lacked reasonable suspicion to remove defendant from the car and search the car.

First, defendant has no standing to contest the search of the door of the car. Failing that, defendant had no legitimate expectation of privacy in the door of the car. He was not driving the car nor did he have a property or possessory interest in it. A passenger who lacks a property or possessory interest in the vehicle may not challenge a warrantless search of vehicle. Rakas v. Illinois 439 U.S. 128, 148-49 (1978). In that case the Court found that a passenger had no legitimate expectation of privacy in glove compartment or area under the seat for defendant who was a passenger with consent of driver/owner of vehicle.

The First Circuit has said that the following factors are relevant to a privacy expectation: legitimate presence in the area searched, possession or ownership of the area searched or the property seized, prior use of the area searched or the property seized, ability to control or exclude others' use of the property, and a subjective expectation of privacy. The burden of proof is on the defendant. United States v. Lochan, 674 F.2d 960 (1st Cir. 1982). Note that the burden of proof is on the defendant.

The search was legal because the officer had reasonable suspicions of criminal activity. The search of the door was done as a direct result of Officer Vieira seeing defendant hide a

chrome object in the hole in the door and hearing a metallic clunking sound. Clearly, the first thing a passenger might seek to hide from the police is a weapon. At that point the traffic stop became an investigatory stop pursuant to suspicions of criminal activity, i.e. possession of a firearm. Because his reasonable suspicions about a weapon were aroused, Officer Vieira searched the car door. During an investigatory detention police may conduct a protective search of the passenger compartment of a vehicle, limited to an area in which a weapon may be placed or hidden, as long as they have a reasonable articulable suspicion that a weapon may be contained therein. Michigan v. Long 463 U.S. 1032, 1999 (1983).

IV. CONCLUSION

For the foregoing reasons defendant's motion should be denied.

Respectfully submitted,
ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 4th day of April, 2008, I caused the Within Government's Motion Objecting to Defendant's Motion To Suppress Physical Evidence, along with its accompanying memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Mary McElroy, Esq.
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ ZECHARIAH CHAFEE
Zechariah Chafee
Assistant US Attorney
RI Bar #3364
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
zechariah.chafee@usdoj.gov